

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 12, 1991

Honorable Burton F. Raiford
Interim Commissioner
Texas Department of Human Services
P.O. Box 149030
Austin, Texas 78714-9030

Opinion No. DM- 40

Re: Whether federal law authorizes a federal agency to require the Department of Human Services to delete certain information from personnel files (RQ-2152)

Dear Commissioner Raiford:

Your predecessor in office sought the opinion of this office as to whether federal law requires the deletion of certain information from personnel files. Specifically, your predecessor asked whether the authority given the federal Equal Employment Opportunity Commission (EEOC) in title 42, section 2000e-5 of the United States Code and further explained in the policies and conciliation standards of the EEOC is paramount federal law that requires the Department of Human Services to delete information from personnel files in settlement agreements with the EEOC.

The EEOC has authority to investigate and attempt to resolve discrimination claims under title VII of the Civil Rights Act of 1964, by informal methods of conciliation. 42 U.S.C. §§ 2000e-4(g), 2000e-5. In the EEOC Compliance Manual, containing the policy statement on remedies and relief for individual cases of unlawful discrimination, approved February 5, 1985, the EEOC enumerates elements which all conciliation agreements should contain in appropriate circumstances.[1] Among these elements of relief the EEOC includes:

> (2) A requirement that corrective, curative or preventive action
> be taken, or measures adopted, to ensure that similar found or
> conciliated violations of the law will not recur.

---

[1] These are not federal regulations adopted pursuant to statute, but statements of policy.

EEOC Compl. Man. (CCH) at 1. As a component of this element the EEOC policy statement further provides:

> In addition, the respondent must be required to take all other appropriate steps to eradicate the discrimination and its effects, such as the expunging of adverse materials relating to the unlawful employment practice from the discriminatee's personnel files.

*Id.* at 2. The term "deletion" in the context of your question implies that the record is to be destroyed or otherwise permanently removed from the governmental body's custody. Section 12 of the Texas Open Records Act, V.T.C.S. article 6252-17a, provides, in part:

> Any person who willfully destroys, mutilates, removes without permission as provided herein, or alters public records shall be guilty of a misdemeanor . . . .

Section 5(a) of the Open Records Act provides, in pertinent part:

> It shall be the duty of the officer for public records, subject to penalties provided in this Act, to see that the public records are made available for public inspection and copying; that the records are carefully protected from deterioration, alteration, mutilation, loss, or unlawful removal; and that public records are repaired, renovated, or rebound when necessary to maintain them properly. When records are no longer currently in use, it shall be within the discretion of the governmental body . . . to determine a period of time for which said records will be preserved subject to state laws governing the destruction and other disposition of state and local government records.

Section 441.035 of the Government Code provides, in part:

(e) With the approval of the director and librarian [of the State Library and Archives Commission], in accordance with this section, the head of any department or institution may destroy any state record in the custody of the head of the department or institution that, in the opinion of the head of the department or institution, does not have any further legal, administrative, or historical value. Before destroying the state record, the head of the department or institution must file an application to do so with the director and librarian that describes the original purpose and the contents of the state record.

In Attorney General Opinion JM-830 (1987), this office considered, among other things, whether a state agency could seal personnel records subject to the EEOC's authority to resolve complaints through conciliation. That opinion concluded that

[n]either this provision [section 2000e-5] nor any other provision of the federal act expressly authorizes the EEOC to order state agencies to seal personnel records. This power is beyond the commission's authority to approve the voluntary resolution of discrimination complaints. The EEOC lacks the authority to authorize or require a state agency to ignore a state statute such as the Open Records Act. The EEOC has no power to adjudicate claims or impose administrative sanctions. Alexander v. Gardner-Denver Co., 415 U.S. [36] at 44. Responsibility for the enforcement of the act is vested in the federal courts. Id. See also Sears, Roebuck & Co. v. Equal Employment Opportunity Commission, 435 F.Supp. 751, 761 (D.D.C. 1977) (commission lacks authority to issue binding substantive rules).

. . . .

We have no doubt that expunction is an appropriate judicial remedy to afford relief under both the federal act and the state act. . . . As indicated, the federal commission lacks authority to adjudicate claims or impose administrative sanctions.

Attorney General Opinion JM-830 at 7 (emphasis in original).

While the above-quoted passage from Attorney General Opinion JM-830 discusses sealing information in personnel records rather than deleting it, it correctly analyzes the narrow issue presented in your predecessor's opinion request. As federal law does not authorize the EEOC to require that records be sealed,[2] neither does it authorize the EEOC to require the deletion of information from personnel files in contravention of state law. However, as Attorney General Opinion JM-830 discusses sealing records rather than deleting them, it does not discuss section 5 of the Open Records Act and section 441.035(e) of the Government Code. These provisions, which provide for the destruction of certain state records upon application to the director and librarian of the State Library and Archives Commission, may provide a mechanism for deletion of certain records in compliance with state law while permitting the inclusion of record expungement as a remedy in voluntary EEOC settlements. Under these provisions a state agency in consultation with the director and librarian could establish a retention policy for those portions of a personnel file subject to an EEOC dispute that provides for the destruction of such records upon settlement of the dispute. Accordingly, we would encourage your staff to contact the Texas State Library and Archives Commission.

## SUMMARY

As federal law does not authorize the EEOC to require that records be sealed, neither does it authorize the EEOC to require the deletion of information from personnel files in contravention of state law.

Section 5 of the Open Records Act and section 441.035(e) of the Government Code which provide for the destruction of

---

[2] The Texas Open Records Act, art. 6252-17a, V.T.C.S., provides for public access to records of governmental bodies, including state agencies. Section 3 of the Open Records Act provides that information is to be available for public inspection unless specifically excepted in subsection (a) of that section. Some of the exceptions enumerated in section 3(a) may coincidentally except some information which the EEOC may wish expunged in a settlement agreement. However, unless one of the exceptions in section 3(a) applies, information may not be withheld from public disclosure unless a court so orders.

certain state records upon application to the director and librarian of the State Archives and Library Commission, may provide a mechanism for deletion of certain records in compliance with state law while permitting the inclusion of record expungement as a remedy in voluntary EEOC settlements.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General